# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **MARIO M. MITCHELL,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | **No. 3:26-cv-00407** |
| | **)** | |
| **v.** | **)** | **Judge Richardson** |
| | **)** | **Magistrate Judge Frensley** |
| **JOHN DRAKE, *et al.*,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |

## DEFENDANT JOHN DRAKE'S (INDIVIDUAL CAPACITY) ANSWER

Defendant, John Drake in his individual capacity,[1] hereby responds to the allegations in Plaintiff's Complaint (Doc. No. 1) as follows:

1.      It is admitted that Plaintiff became aware of Chief Drake and Watechia Lawless Mitchell having a dating relationship. It is admitted that Watechia Lawless Mitchell was once employed in the Mayor's Office. All remaining allegations are denied.

2.      It is admitted that Plaintiff seeks relief under 42 U.S.C. § 1983. It is denied that he is entitled to any relief.

3.      It is admitted that the Court has jurisdiction over the federal claims. The state law claim is not directed at this Defendant.

4.      It is admitted that the Court has personal and subject matter jurisdiction over the claims against this Defendant.

5.      It is admitted that venue is proper in this Court.

---

[1] Plaintiff sued John Drake in his individual and official capacities. A suit against an individual in his official capacity is a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, the official capacity claim against John Drake is a suit against Metro Nashville. Because Metro Nashville's knowledge is different than Chief Drake's, Defendant John Drake in his official capacity is filing an answer separate from Chief Drake in his individual capacity.

6. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

7. Admitted.

8. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

9. Admitted.

10. It is denied that Michael Esposito is a resident of Nashville, Davidson County. The remaining allegations are admitted.

11. It is admitted that Plaintiff accessed the private text messages of his ex-wife, Watechia Lawless Mitchell, and that she and Chief Drake had communicated via text.

12. Plaintiff's characterization of the text messages is denied. It is admitted that Ms. Mitchell and Chief Drake communicated via text. The remaining allegations are denied.

13. It is admitted that Ms. Mitchell served as the Director of Child and Youth Initiatives in April 2024.

14. It is admitted that Ms. Mitchell represented to Chief Drake that she was divorced. This Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph; thus, they are denied.

15. It is admitted that Ms. Mitchell informed Chief Drake that Plaintiff knew of their personal relationship and had accessed their text messages. Plaintiff's characterization of the text messages is denied.

16. Denied.

17. Denied.

18. It is admitted that Plaintiff, a convicted felon, was on probation and that any arrest could violate the terms of his probation. It is denied that Chief Drake "devised" any plan to have Plaintiff arrested.

19. It is denied that Chief Drake recommended that Ms. Mitchell pursue any course of action regarding Plaintiff. This Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph; thus, they are denied.

20. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

21. This Defendant lacks sufficient information to admit or deny the allegations about Plaintiff and Ms. Mitchell's conversation; thus, they are denied. The remaining allegations are denied.

22. It is admitted that Plaintiff and Ms. Mitchell met at a Tesla charging station on April 1, 2025. This Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph; thus, they are denied.

23. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

24. It is admitted that Ms. Mitchell filed for an Order of Protection and that Plaintiff entered a nolo contendere plea to a charge of harassment. The remaining allegations are denied.

25. It is admitted that MNPD's Office of Professional Accountability ("OPA") investigated Plaintiff's allegations that Chief Drake violated MNPD policy. It is further admitted that the investigation determined that Plaintiff possessed text messages between Chief Drake and Ms. Mitchell. The OPA determined that the allegation that Chief Drake violated MNPD policy 4.20.040 Personal Behavior: Acting Impartially was unfounded and

the allegation that he violated MNPD policy 4.20.040 Personal Behavior: Conduct Unbecoming an Employee of the Department was not sustained.

26. It is admitted that Plaintiff was arrested in Raleigh, North Carolina on a facially valid warrant, that he made bond, and was released.

27. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

28. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

29. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

30. Chief Drake did not direct or participate in the criminal investigation of Plaintiff. Additionally, he was not kept informed of any developments with the criminal investigation. Similarly, he did not direct and was not kept informed of OPA's investigation. So this Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

31. Chief Drake did not direct or participate in the criminal investigation of Plaintiff. Additionally, he was not kept informed of any developments with the criminal investigation. Similarly, he did not direct and was not kept informed of OPA's investigation. So this Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

32. Chief Drake did not direct or participate in the criminal investigation of Plaintiff. Additionally, he was not kept informed of any developments with the criminal investigation. Similarly, he did not direct and was not kept informed of OPA's investigation. So this Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

33. Chief Drake did not direct or participate in the criminal investigation of Plaintiff. Additionally, he was not kept informed of any developments with the criminal investigation. Similarly, he did not direct and was not kept informed of OPA's investigation. So this Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

34. Denied.

35. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

36. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

37. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

38. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

39. It is admitted that Plaintiff created a website. This Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph; thus, they are denied.

40. This Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

41. Chief Drake did not direct or participate in the criminal investigation of Plaintiff. Additionally, he was not kept informed of any developments with the criminal investigation. So this Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

42. Chief Drake did not direct or participate in the criminal investigation of Plaintiff. Additionally, he was not kept informed of any developments with the criminal

investigation. So this Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

43. Chief Drake did not direct or participate in the criminal investigation of Plaintiff. Additionally, he was not kept informed of any developments with the criminal investigation. So this Defendant lacks sufficient information to admit or deny the allegations in this paragraph; thus, they are denied.

44. It is denied that Chief Drake directed, supervised, or approved of anyone threatening Plaintiff or retaliating against him in any way.

45. Denied.

## COUNT I

46. The above responses to Paragraphs 1–45 are adopted and incorporated herein by reference.

47. Denied.

48. It is admitted that Chief Drake is the Chief of Police for MNPD. All remaining allegations are denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT II

54. The above responses to Paragraphs 1–53 are adopted and incorporated herein by reference.

55. Denied.

56. Denied.

57.     Denied.

58.     Denied.

## COUNT III

59.     The above responses to Paragraphs 1–58 are adopted and incorporated herein by reference.

60.     The allegations in this paragraph are not directed at this Defendant; thus, no response from this Defendant is required.

61.     The allegations in this paragraph are not directed at this Defendant; thus, no response from this Defendant is required.

## COUNT IV

62.     The above responses to Paragraphs 1–61 are adopted and incorporated herein by reference.

63.     Denied.

64.     Denied.

65.     Denied.

## REQUEST FOR RELIEF

It is denied that Plaintiff is entitled to any of the relief he seeks.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied, and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1.     Defendant denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2.     Defendant did not violate any clearly established constitutional right or other federal right to which Plaintiff was entitled.

3.    Defendant is entitled to qualified immunity because his actions did not violate then-existing clearly established law.

4.    Plaintiff is not entitled to nominal, compensatory, or punitive damages; attorney's fees; or costs.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint, Defendant John Drake prays:

1.    That this be accepted as his Answer herein;

2.    This cause be dismissed and held for naught;

3.    That all costs and other reasonable fees be charged to and borne by Plaintiff;

4.    That a jury hear all claims so triable; and

5.    For such other relief as the Court deems appropriate

Respectfully submitted,

THE DEPARTMENT OF LAW
OF THE METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

TYLER CHANCE YARBRO (#23553)
DIRECTOR OF LAW

/s/ Melissa Roberge
ALLISON L. BUSSELL (#23538)
  ASSOCIATE DIRECTOR OF LAW
MELISSA ROBERGE (#26230)
PETER G. VIZCARRONDO (#43651)
  SENIOR COUNSEL
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
allison.bussell@nashville.gov
melissa.roberge@nashville.gov
peter.vizcarrondo@nashville.gov